**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Samuel MANZELLA, Defendant–Appellant.**

**No. 00–50454.**

**D.C. No. CR–00–00120–MLR–01.**

United States Court of Appeals, Ninth Circuit.

[**] The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Submitted June 8, 2001.*

Decided June 12, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE, District Judge.**

MEMORANDUM ***

We have already held that Congress did not exceed the scope of its Commerce Clause authority in enacting 18 U.S.C. § 228. *See United States v. Mussari,* 95 F.3d 787, 790 (9th Cir.1996). "The obligation of a parent in one state to provide support for a child in a different state is ... a thing in interstate commerce and falls within the power of Congress to regulate." *Id.* (applying *United States v. Lopez,* 514 U.S. 549, 558, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)).

Nothing in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), changes this analysis. *Morrison* reaffirms the *Lopez* framework and does not address the basis for Commerce Clause jurisdiction at issue in *Mussari,* namely, the regulation of a thing in interstate commerce. *See Morrison,* 529 U.S. at 608–09 ("Petitioners do not contend that these cases fall within either of the first two of [*Lopez*'s] categories of Commerce Clause regulation.").

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.